ROGERS, Justice.
 

 Hester Bibb Wilkins filed suit against her husband, James Clement Wilkins, for a separation from bed and board on the ground of cruel treatment. This was in the year 1932. The suit was tried in the summer of 1933, and under the judgment rendered therein on June 17, 1933, the plaintiff was granted the separation prayed for, the custody of the five children, issue of the marriage of the parties, and alimony of $75 per month. Later, because it appeared the defendant was financially unable to pay the alimony awarded and that the two oldest children refused to live with their mother and took up their abode with their father, the trial judge, after hearing the parties, reduced the alimony to $45 per month, granted the father the custody of the two oldest. children, leaving the three youngest children in the custody of their mother.
 

 On August 2, 1934, which was more than one year after the judgment of separation from bed and board had become final, James Clement Wilkins brought this suit against Mrs. Hester Bibb Wilkins for a divorce, alleging that she had been guilty of adultery. Plaintiff also asked that he be given the custody of all the children. Answering plaintiff’s petition, the defendant denied the charge of adultery therein made. Assuming the position of plaintiff in reconvention, defendant prayed that she be given a divorce, predicating her demand on the judgment of separation from bed and board which she had obtained more than one year before, no reconciliation having taken place between the parties. Defendant also asked that she be given the custody of all the children and that the alimony awarded her be increased from $45 per month to $75 per month.
 

 The case was regularly called and tried on the merits, resulting in a judgment in favor of defendant, Mrs. Hester Bibb Wilkins, against plaintiff, James Clement Wilkins, rejecting plaintiff’s demand for a divorce and maintaining defendant’s reconventional demand, granting her a divorce. The judgment gave defendant the permanent custody of the three youngest children and the plaintiff the permanent custody of the two oldest children, and ordered plaintiff to continue to pay $45 per month to the defendant for the support of herself and the three children in her custody. From
 
 *431
 
 that judgment, the plaintiff has appealed. The defendant has not appealed nor has she answered plaintiff’s appeal.
 

 Plaintiff charged that his wife had committed adultery in May, 1931, with one Herman Lovett. He offered one witness to prove the alleged adultery, namely, Joe Lively. According to his testimony, Lively was traveling through the country along a public road and when he reached a point about three miles from the town of Columbia he looked to one side and saw a parked coupé automobile and the feet of a man and a woman sticking out of the door of the car; that shortly thereafter Lovett got out of the car and plaintiff’s wife straightened up in the car and he recognized her. Prior to that time, the witness had seen Mrs. Wilkins only on one or two occasions. Defendant took the stand and denied the charge. Lovett also took the stand and denied that he had ever been guilty of illicit relations with the defendant. Plaintiff .produced an affidavit signed by Lovett, setting forth that in May, 1931, he had had illicit intercourse with the defendant, but since that date had not been guilty of the act. The trial judge found that the affidavit was secured under rather adverse conditions and was not entitled to any credit; that the only effect it could have would be to destroy the testimony of Lovett,
 

 The testimony of Lively was not corroborated by that of any other witness. Nor was it corroborated by the circumstances related by him. As shown by the trial judge, in his written reasons for judgment, those circumstances were unfavorable rather than favorable to the truth of his story. Although they were close friends, Lively, admittedly, did not reveal to plaintiff the alleged adultery of his wife until more than two years after the act he claims he had witnessed occurred. Lively’s long delay, which is not satisfactorily explained, in informing his friend in whose interest he now appears to be so zealous of an act of such grave consequence to his friend’s happiness must also detract from his credibility as a witness in his friend’s behalf.
 

 There was some testimony of several witnesses that men frequently went to the home of plaintiff in his absence delivering the rural mail, but none of these witnesses pretended to recognize any man, except Herman Lovett, who lived next door and often visited the home of plaintiff when plaintiff himself was there. Some of the witnesses also testified to statements made by defendant to them and as to her conduct towards them. Plaintiff himself also testified as to alleged admissions of guilt made by defendant to him.
 

 The trial judge correctly found that the character of all the witnesses who testified for plaintiff was questionable and that some of them were impeached; that the alleged statements and conduct of defendant were of such a nature that they could only emanate from a woman possessing the morals of a common prostitute and were unbelievable of a woman possessing the excellent reputation of the defendant.
 

 The testimony shows that plaintiff, who is now the Commander of the local post of the American Legion, was at the time re
 
 *433
 
 ferred to by the witnesses the service officer of the organization, and that many of its members called at plaintiff’s home seeking information as to the procedure to be followed in securing compensation from the federal government.
 

 The defendant testified, denying all plaintiff’s charges and the testimony of his witnesses. She stated that men often came to their home in the absence of her husband to obtain information concerning disability compensation allowed its former soldiers by the federal government and to seek help in making out their applications for the compensation.
 

 Columbia is a small town, and a number of its leading citizens testified that they were- well acquainted with the defendant and that she was a woman of good moral character and that there had never been any rumors in the town reflecting on her moral character; that her conduct and her character were above reproach.
 

 The trial judge, after hearing the parties and their witnesses, reached the conclusion that there was no merit in plaintiff’s contentions and dismissed his suit. Our reading of the record has not convinced us that he erred in so doing.
 

 ' Because two of the children were of advanced age and by a previous decree of an associate had been placed in the custody of their father, and' because of his observation that these children would not live with their mother .and are reasonably taken care of by their father, the trial judge concluded to permit to stand the previous decree, awarding the custody of two of the children to their father and the custody of three of the children to their mother. Also, because of lack of testimony showing that it was erroneous, the trial judge permitted to stand the previous judgment awarded alimony at the rate of $45 per month.
 

 Since defendant has not appealed from the judgment, nor answered plaintiff’s appeal, we are not called upon to pass on that part of the judgment awarding alimony and disposing of the custody of the children.
 

 For the reasons assigned, the judgment appealed from is affirmed.